# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANDRE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:14-cv-00319-JMS-WGH |
| | ) | |
| J.R. CARAWAY Warden, USP Terre Haute, | ) | |
| M. TATTLOCK Counselor, | ) | |
| JOHN DOE Health Services Administrator, | ) | |
| JOHN DOE Corrections Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint,
Dismissing Certain Claims, and Directing Further Proceedings**

Plaintiff Andre Jones, an inmate of the United States Penitentiary in Terre Haute, Indiana, brings this lawsuit pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Jones states that because he is subject to randomly occurring seizures, he has a "bottom bunk requirement" issued by the Health Services Department. He alleges that despite the "bottom bunk requirement" he was placed in a top bunk. He subsequently fell from this bunk twice causing him injuries. He brings claims pursuant to the Fifth and Eighth Amendments to the United States Constitution.

**I. Screening**

Because the plaintiff is a prisoner, the complaint is now subject to the screening required by 28 U.S.C. § 1915A. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 920 (2007). Based on the following screening, certain claims will proceed while others will be dismissed.

First, any claim against a defendant in his or her official capacity must be **dismissed.** An official-capacity claim is effectively a suit against the governmental entity employing the defendant. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992). In this case, therefore, an official capacity claim against the defendant individuals would in essence be against the Bureau of Prisons, or the United States itself. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.), *cert. denied*, 459 U.S. 832 (1992); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Because the United States is immune from suit in these circumstances, the plaintiff's claims against any defendant in his or her official capacity must be dismissed. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

Next, the claims against Warden Caraway must be **dismissed** because this defendant is not alleged to have personally caused or participated in any of the wrongful actions alleged in the complaint and cannot be found liable based on the doctrine of *respondeat superior*. *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994)(*respondeat superior* cannot be the basis of a *Bivens* claim, there must be individual participation and involvement by the defendant).

In addition, claims against John Doe defendants must be **dismissed** because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Mr. Jones's Eighth Amendment claim against correctional officer M. Tattlock that Officer Tattlock knew that Mr. Jones suffered from seizures and is responsible for assigning cells and bunks to inmates but failed to ensure that Mr. Jones was assigned to a bottom bunk **shall proceed**. Any Fifth Amendment claim based on these facts is **dismissed** because the plaintiff's claims are

sufficiently based on the protections afforded by the Eighth Amendment to the Constitution. There is no occasion to invoke the important but limited protection of due process. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

## II. Further Proceedings

In summary, Mr. Jones's Eighth Amendment claim based on the injuries he suffered after falling from his top bunk **shall proceed** against M. Tattlock. All other claims are **dismissed**. The **clerk shall** terminate J.R. Caraway, John Doe Health Services Administrator, and John Doe Corrections Officer as defendants in this action. If Jones believes that additional claims were alleged in the complaint but not identified by the Court and that those claims should proceed in this action, he should notify the Court of this fact by **no later than April 15, 2015**.

**The clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue process to defendant Tattlock. Process shall consist of a summons. Because the plaintiff is proceeding under the theory recognized in *Bivens,* **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint and a copy of this Entry, on defendant Tatflock and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2) and 4(i)(3), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 03/13/2015

*Signature: Jane E. Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

ANDRE JONES
Reg. No. 44762-039
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808